885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Franklin NEWSOM, Defendant-Appellant.
 No. 89-5013.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1989.
Decided Sept. 1, 1989.
 
 Robert G. Wolpert, Sovick & Wolpert, for appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Franklin Newsom appeals on several grounds his conviction by a jury for carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1). Finding no merit in Newsom's assignments of error, we affirm the district court's judgment.
 
 
 2
 A confidential informant arranged a meeting with Newsom and Daniel Tavarez, Newsom's codefendant, to purchase five pounds of marijuana from them. The transaction took place on July 16, 1988, at a convenience store parking lot. Also present at the sale was an undercover DEA agent, Stephen Utt. While Tavarez was handing over the marijuana to the informant and Utt, Newsom was standing approximately 20 feet away, talking to the driver of a parked truck. After the deal was completed, Newsom and Tavarez were arrested. Police searched Newsom and found a loaded .25 caliber Titan auto-loading pistol in Newsom's right rear pants pocket. At no time during the drug sale did Newsom display or otherwise use the gun.
 
 
 3
 Newsom was charged in a three-count indictment for (I) conspiracy to distribute marijuana, 21 U.S.C. Sec. 846, (II) distribution of marijuana, 21 U.S.C. Sec. 841(a)(1), and (III) carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. Sec. 924(c)(1). The jury found Newsom guilty of all three offenses. Newsom was sentenced to two ten-month concurrent sentences for the conspiracy and distribution charges and to a consecutive 60-month term for the firearm charge. In this appeal Newsom only challenges his conviction for carrying a firearm.
 
 
 4
 Newsom contends that the district court erred in refusing to instruct the jury that under article III, section 22 of the West Virginia Constitution, it is not unlawful to carry a firearm "for the defense of self, family, home and state, and for lawful hunting and recreational use." The court properly refused to give this instruction to the jury.
 
 
 5
 Although a prior version of 18 U.S.C. Sec. 924(c) did require proof that the possession of the firearm was unlawful under some independent statute or ordinance, the 1984 and 1986 amended versions of Sec. 924(c) do not contain this requirement.* The Senate Report accompanying the 1984 amendment explains that this element has been eliminated as unnecessary. The Committee intended that persons who are in lawful possession of a firearm "and abuse that privilege by committing a crime with the weapon" be as amenable to punishment as persons whose possession of a firearm violates some state or local ordinance. Sen.Rep. No. 98-225, 98th Cong., 1st Sess. 314 n. 10, reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3492 n. 10. Accordingly, there was no reason to instruct the jury on West Virginia's law concerning possession of firearms.
 
 
 6
 Newsom also argues that the evidence offered to prove that he carried his gun in relation to the drug sale is insufficient to support the jury's verdict. We disagree.
 
 
 7
 This court must sustain the verdict if there is substantial evidence based upon the evidence as a whole when viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60 (1942). In United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988), this court found that the presence of a gun under a car seat during a drug arrest was sufficient proof to support a conviction under section 924(c). A jury can infer that a loaded gun carried during a drug deal, a dangerous enterprise, in some way facilitates the crime. Brockington, 849 F.2d at 876. The facts in this case cannot be distinguished. Evidence that Newsom was carrying a loaded firearm while standing 20 feet away from the delivery of a drug in connection with a drug trafficking crime in which he participated is sufficient to support the jury's verdict.
 
 
 8
 Newsom's final ground for appeal is that 18 U.S.C. Sec. 924(c)(1) violates due process as applied to him. We find no merit in this argument. The facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. See Federal Rule of Appellate Procedure 34(a)(3). The district court's judgment is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 18 U.S.C. Sec. 924(c)(1) now provides in part:
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.